UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OWEN BEDASEE; SANDIE BEDASEE,

                Plaintiffs,

vs.                                      Case No. 2:09-cv-111-FtM-29SPC

FREMONT INVESTMENT & LOAN; DOES 1-100; TRUSTEES 1-100,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiffs' Motion for Emergency Hearing to Stop Foreclosure Sale and Claim of Property Involved in Lawsuit (Doc. #9) filed on March 18, 2009. Also before the Court is plaintiffs' Motion to Cancel Foreclosure Sale (Doc. #2), filed on February 24, 2009. Upon review, the Court finds that it lacks jurisdiction to entertain plaintiffs' requests and the motions should be denied.

Construed liberally due to plaintiffs' *pro se* status, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), plaintiffs Sandie and Owen Bedasee allege in their Amended Complaint (Doc. #3) that the case involves a "predatory" mortgage loan entered into by plaintiffs in the principal amount of $555,000, due to defendants' violations of law, fraudulent bait-and-switch conduct, fraudulent high-pressure closing tactics and failure to disclose material information regarding that mortgage loan. (See Doc. #3, ¶¶ 5-36.) Plaintiffs assert that the Court has jurisdiction over this case

pursuant to the Federal Truth-in-Lending Act, 15 U.S.C. § 1601, et seq., and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. (see id. at ¶¶ 2-4).

**A.  Motion to Cancel Foreclosure Sale**

In their Motion to Cancel Foreclosure Sale (Doc. #2), plaintiffs request that the Court stop the foreclosure sale on plaintiffs' primary residence located at 2040 16th Avenue Naples, Florida, which was scheduled to take place on March 4, 2009 in the Circuit Court of the Twentieth Judicial Circuit of the State of Florida, in and for Collier County Civil Division, Case No. 2008-CA-001277, until their federal lawsuit is final and complete (see Doc. #2, p. 3). As it appears that the date has passed and the foreclosure sale did not take place, plaintiffs' motion is moot.

**B.  Motion for Emergency Hearing to Stop Foreclosure Sale and Claim of Property Involved in Lawsuit**

In their Motion for Emergency Hearing to Stop Foreclosure Sale and Claim of Property Involved in Lawsuit (Doc. #9), plaintiffs request an emergency hearing to stop the foreclosure sale resulting from a state court judgment issued on May 16, 2009 in the same state court and case number referenced above (see Doc. #9, pp. 1-2, 4). The Court finds no legal basis to issue such an order, and therefore no basis to schedule a hearing on the matter.

Federal courts have no authority to exercise supervisory jurisdiction over the operations of a state court, and a litigant dissatisfied with a state court judgment must pursue state court

remedies.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  This includes requests for injunctive relief.  Mickens v. Tenth Judicial Circuit, 181 Fed. Appx. 865, 874-75 (11th Cir. 2006) (citing Blue Cross & Blue Shield, Inc. v. Weiner, 868 F.2d 1550, 1556 (11th Cir. 1989)).  It is clear that the claims asserted in this case are inextricably intertwined with the state court's judgment and order, and it is clear that any arguments or claims that plaintiffs pursue in the federal case could and should have been raised in the state court proceedings.  Harper v. Chase Manhattan Bank, 138 Fed. Appx. 130 (11th Cir. 2005); Velardo v. Fremont Inv. & Loan, 298 Fed. Appx. 890 (11th Cir. 2008).  The Court concludes that the Rooker-Feldman doctrine bars a federal court from entertaining a request to stop the foreclosure pursuant to a state court order.

Additionally, a federal court does not have inherent authority to enjoin state court proceedings, 28 U.S.C. § 2283; Atlantic C.L.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 294 (1970), and plaintiff has not shown that the Court may enjoin the state court's order under the facts of this case.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Motion to Cancel Foreclosure Sale (Doc. #2) is **DENIED as moot** in light of the fact that the foreclosure sale scheduled to take place on March 4, 2009, did not take place.

2. Plaintiffs' Motion for Emergency Hearing to Stop Foreclosure Sale and Claim of Property Involved in Lawsuit (Doc. #9) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of March, 2009.

                                                JOHN E. STEELE
                                                United States District Judge

Copies:
Counsel of record
Plaintiffs