```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

OWEN BEDASEE,

              Plaintiffs,

vs.                              Case No. 2:09-cv-111-FtM-29SPC

FREMONT INVESTMENT & LOAN; DOES 1-
100; TRUSTEES 1-100,

              Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Amended Motion to Dismiss (Doc. #18) filed on April 8, 2009. In response, plaintiffs filed a *pro se* Motion to Dismiss Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #24) on April 27, 2009, which was terminated as a motion and construed as a response (see Doc. #25).

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir.

2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

## II.

In the twelve-count Amended Complaint for Rescission of Mortgage and for Damages (Doc. #3), plaintiff Owen Bedasee (Bedasee) alleges fraud and failure to disclose by Fremont Investment & Loan (Fremont) in the processing of a purchase money

mortgage loan for $444,000.00, plus a second mortgage loan, secured by the property located at 2040 16th Ave. S.W., Naples, Florida. The closing occurred on August 16, 2005. Plaintiff alleges that Fremont stated that the loan terms were more competitive at the time of the application through the date of closing and plaintiff had a limited time to review the closing documents. Plaintiff alleges that Fremont failed to provide copies of all relevant documents from closing, that the loan documents reflect a closing agent fee not listed on the HUD 1 Statement, that the rate is predatory, and that the Residential Loan Application Form 1003 was not included. Plaintiff further alleges the failure to disclose or provide a timely good faith estimate of settlement charges.

Plaintiff seeks actual loss for "unnecessary high settlement charges" under the Real Estate Settlement Procedure Act (RESPA); rescission of the mortgage pursuant to the Truth in Lending Act (TILA) and damages for the same; damages under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), in two counts; damages for material misrepresentations regarding the rate of the loan and plaintiff's ability to pay the loan; damages for fraud regarding the loan terms; rescission of the mortgage; damages for breach of contract and failure to act in good faith; damages because defendant may not be the owner of the Note and mortgage; damages for breach of implied covenant of good faith and fair dealing; declaratory relief; equitable tolling; and damages under the Credit Repair Organizations Act (CROA).

**III.**

Defendant Fremont argues that no private cause of action is available to plaintiff under RESPA, a claim under TILA is barred because the statute of limitations has expired, the Amended Complaint is insufficiently pled under Fed. R. Civ. P. 8 or requires a more definite statement, the FDUTPA claim must fail because the underlying claims do, the fraud and rescission claims are insufficiently pled under Fed. R. Civ. P. 9(b), and the state claims are improperly before this Court or otherwise precluded. Plaintiff responds that the Mortgage was a unilateral contract and therefore an invalid contract.

**A. RESPA**

Defendant is correct that Section 2604[1] does not provide a private cause of action. Collins v. FMHA-USDA, 105 F.3d 1366, 1368 (11th Cir. 1997)("That Congress eliminated the provision when it amended the statute strongly suggests Congress intended that there no longer be a private damages remedy for violation of § 2604(c).")

RESPA does provide civil remedies under other sections, e.g., 12 U.S.C. § 2605(f), 12 U.S.C. § 2605(a), 12 U.S.C. § 2607(d)(2), and 12 U.S.C. § 2608, however plaintiff fails to state a claim

---

[1]Section 2604(c) describes that a lender "shall include with the booklet a good faith estimate of the amount or range of charges for specific settlement services the borrower is likely to incur in connection with the settlement as prescribed by the Secretary." 12 U.S.C. § 2604(c).

under the other sections of RESPA.  Therefore, Count I will be dismissed.

### B.  TILA

Under 15 U.S.C. § 1640, a creditor may be liable for damages to plaintiff for failure to disclose under 15 U.S.C. § 1638, if the action is brought within one year of the violation, or in this case the August 2005 closing.  15 U.S.C. § 1640(e).  Clearly, the one year time limitation passed well before this case was filed in February 23, 2009.  TILA is subject to equitable tolling in certain special circumstances, Ellis v. GMAC, 160 F.3d 703, 708 (11th Cir. 1998), however the necessary conditions are not present in this case and the claim for damages is therefore barred.

The request for rescission is also barred under the Rooker-Feldman[2] doctrine, Velardo v. Fremont Inv. & Loan, 298 Fed. Appx. 890, 892 (11th Cir. 2008), based on the related state court foreclosure case, Fremont Inv. & Loan Co. v. Bedasee, No. 2008-CA-01277 (Fla. 20th Cir. Ct.)[3].  The motion to dismiss will be granted as to Count II.

---

[2]The Rooker-Feldman doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).  In essence, the Rooker-Feldman doctrine prevents any federal court other than the United States Supreme Court from reviewing the final judgments of state courts.

[3]The Court takes judicial notice of the state court docket reflecting a Certificate of Sale to Fremont for $100.00 on June 10, 2009, pursuant to a foreclosure sale, and the pending appeal before the District Court of Appeals.

### C.  CROA

Under CROA, consumers are provided protection in consumer credit transactions where "credit is offered or extended" to an individual.  15 U.S.C. § 1679a(2).  "The term 'credit' means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment."  15 U.S.C. § 1602(e).  A "creditor" includes one who originates 2 or more mortgages in a one-year period, not including a residential mortgage transaction but secured by the consumer's principal dwelling, i.e., an equity line.  15 U.S.C. § 1602(f), (aa).

Plaintiff cites Sections 1679b and 1679g.  Under 1679b, no person may make a statement or advise a consumer to make an untrue or misleading statement with respect to the consumer's credit worthiness to, a consumer reporting agency or to whom the consumer is applying for credit.  Plaintiff herein does not allege that he was induced to lie or counseled to mislead a creditor regarding his ability to pay or his credit worthiness. Rather, plaintiff alleges that Fremont filled out the loan application itself and overstated plaintiff's income and assets.  Section 1679g imposed liability on credit repair organizations which provide services for value to improve a consumer's credit record, and does not include a creditor.  15 U.S.C. § 1679a(3).  Therefore, liability cannot be imposed on Fremont under this Section.  As pled, plaintiff cannot state a claim for liability under CROA, and the motion to dismiss will be granted as to Count XII.

### D. FDUTPA

FDUTPA is a remedial statute. "A remedial statute is designed to correct an existing law, redress an existing grievance, or introduce regulations conducive to the public good." Fonte v. AT&T Wireless Servs., 903 So. 2d 1019, 1024 (Fla. 4th DCA 2005) (quoting Adams v. Wright, 403 So. 2d 391, 394 (Fla. 1981)), review denied 918 So. 2d 292 (Fla. 2005). Under FDUTPA, a "violation" is a violation of any rules promulgated pursuant to the Federal Trade Commission Act, standards of unfairness and deception set and interpreted by the Federal Trade Commission or federal courts, and/or any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition or deceptive practices. FLA. STAT. § 501.203(3)(a)-(c). Regardless of the basis of the violation, the Court has dismissed the federal claims under RESPA, TILA, and CROA, and is not inclined to maintain jurisdiction over the FDUTPA state law claims, as provided below.

### E. State Claims

Under 28 U.S.C. 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--. . .(3) the district court has dismissed all claims over which it has original jurisdiction. . . ." In this case, jurisdiction was premised on a federal question, 28 U.S.C. § 1331, and the Court has now dismissed Counts I, II, and XII. As a

result, to the extent not mooted by the state court action, the remaining counts will be dismissed without prejudice.

Accordingly, it is now

**ORDERED:**

1. Defendant's Amended Motion to Dismiss (Doc. #18) is **GRANTED** and Counts I, II, and XII are **dismissed**. The Court declines to exercise supplemental jurisdiction over the remaining state claims, which are dismissed without prejudice. The Clerk shall enter judgment accordingly.

2. Defendant's Motion to Strike Plaintiffs' Notice of Violations of Federal Statues [sic] 15 U.S.C. By Defendants Against Plaintiffs (Doc. #28) and Motion to Strike Plaintiffs' Notice of the Filing of New Evidence and to Amended Complaint Claim (Doc. #34) are **DENIED** as moot.

3. The Clerk is further directed to terminate all pending motions and deadlines as moot, and to close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this   6th   day of January, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Plaintiff
Counsel of record